IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER AKRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-cv-372-GMB |
| ) | [WO] |
| ALFA MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Before the court is a Renewed Motion for Court to Order Defendant Alfa to Produce Scott Forest as Deponent Witness or in the Alternative Motion to Certify Question for Interlocutory Appeal (Doc. 62), a Motion to Strike (Doc. 66), and a Motion to Reopen and Extend the Expert Witness Disclosure Date (Doc. 67).

This court previously denied a motion by Plaintiff Jennifer Akridge for the court to order Alfa to produce its Executive Vice President of Human Resources, Scott Forest, for deposition. Doc. 58. In the previous order, the court explained that compelling the deposition of Forest prior to the depositions of the Rule 30(b)(6) corporate representative, and the three persons Alfa identified as participating in the decision to terminate Akridge, placed an additional burden and expense on Alfa that outweighed the likely benefit of Forest's deposition. Doc. 58.

The three persons Alfa identified as having a role in the termination of Akridge's position are Robert Plaster, Beth Chancey, and Tommy Coshatt. Doc. 54-1 at 6. Alfa did

not identify Forest as an individual who participated in the termination decision. Doc. 54-1 at 6. Instead, Alfa submitted an affidavit from Forest in which he swore under penalty of perjury that he was not consulted about the elimination of Akridge's position and had no involvement in that decision. Doc. 54-2 at 3–4.

Following this court's order, depositions were taken, prompting Akridge's renewed motion. Akridge seeks to compel Forest's deposition at this time because she contends that the recent depositions reveal that Forest has knowledge of relevant information. Akridge points to evidence including vague testimony that the decision to terminate her was made "higher up" than Akridge's supervisor, testimony that Susie White in the Human Resources Department was involved in the decision and she is an assistant to Forest, evidence that severance agreement documents had Forest's name on them, and Akridge's own testimony that she thought Forest would have knowledge of the circumstances of her termination. Akridge also provides an affidavit from a Troy University professor in which he states that he believes it to be unlikely, if not impossible, that Forest knew nothing about Akridge's termination. This affidavit is the subject of the motion to strike improper expert evidence. Doc. 66.[1]

---

[1] In her response to the Motion to Strike, Akridge seeks additional time to disclose expert testimony, but the scope of that request appears limited to the affidavit of the Troy University professor offered on this discovery issue alone and not as to any substantive testimony to be offered at trial. On this showing, Akridge has not demonstrated good cause for the extension of the deadline. *See Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998). Therefore, as to the request that the deadline be extended for the purpose of the discovery motion, the motion is due to be DENIED. Even considering the affidavit, however, the court finds that it speaks to responsibilities and knowledge of human resources directors generally, not as to what Forest specifically knew, and so even accepting the opinions offered, the court reaches the same conclusion regarding the request to compel the deposition of Forest. The motion to strike, therefore, is due to be DENIED as moot.

In response to Akridge's renewed motion, Alfa contends that no deposition testimony identifies any involvement in the decision to terminate Akridge by Forest, and argues that the mere fact that White reported to Forest does not establish that Forest had knowledge of the decision. Alfa cites to portions of the depositions of Plaster, Chancey, and Coshatt in which they state that they did not speak to Forest about the decision to terminate Akridge's position. Doc. 62-1 at 23:13–20; Doc. 65-2 at 30:18–20; Doc. 65-3 at 104:19–23. Alfa also cites to the portion of White's deposition in which she testified that Forest was not involved in the decision to terminate Akridge. Doc. 65-4 at 39:15–40:13. Finally, Alfa notes Plaster's explanation that Forest's name on severance documents was a matter of procedure. Doc. 62-1 at 25:17–26:4.

The court previously denied Plaintiff's request to compel Forest's deposition primarily because the depositions of the identified decision makers had not yet occurred. Although Akridge has now deposed Plaster, Chancey, and Coshatt, the court again concludes that Akridge has not shown that Forest's deposition is due to be compelled, for the reasons discussed below.

Federal Rule of Civil Procedure 26 defines the scope of discovery to include

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Upon review of the deposition excepts provided by the parties, this court cannot conclude that Akridge has established any knowledge on the part of Forest of the circumstances of Akridge's termination. At most, she has shown that Forest could or (considering the Troy University professor's affidavit) should have known information about her termination. The deposition and affidavit evidence which directly speaks to Forest's knowledge, however, establishes that he has no material information relevant to the facts of Akridge's termination. Therefore, while the initial denial of the request to take Forest's deposition contemplated allowance of a deposition should Akridge make the required showing, the depositions which have been taken have instead demonstrated that a deposition of Forest would provide no additional evidence relevant to Akridge's termination. The court also cannot conclude that evidence regarding Akridge's refusal to date Forest has any relevance to the disability discrimination claims brought in this case. Accordingly, the request to depose Alfa's Executive Vice President of Human Resources is due to be denied because it does not seek matter relevant to Akridge's claims and places an additional burden and expense on Alfa that outweighs the likely benefit of Forest's deposition. *See* Fed. R. Civ. P. 26(b)(1).

Moreover, even if Forest is likely to possess some relevant information, the court "must limit the frequency or extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] if . . . the discovery sought . . . can be obtained from another source that is more convenient [or] less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i). Courts routinely have entered orders limiting depositions of senior management and other "high-level decisionmakers who are removed from the daily subjects of litigation," consistently

with the requirements of Federal Rule of Civil Rule 26(b)(2), which provides that the court should consider whether "the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991) (collecting cases). Courts also have reasoned that "when a party seeks to depose high-level decisionmakers who are removed from the daily subjects of the litigation, the party must first demonstrate that the would-be deponent has 'unique personal knowledge' of the matter in issue," and have not allowed a deposition "where the information could be had through interrogatories, deposition of a designated spokesperson, or deposition testimony of other persons." *Id.* Even if Forest has some relevant knowledge, there has been no showing that he has unique personal knowledge, and given that depositions have been taken of the identified decisionmakers regarding Akridge's employment, denying the motion seeking to depose Forest in this case is a limitation in the interest of Fed. R. Civ. Pro. 26(b)(2)(C)(i). *Cf. Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)[2] (discouraging initial denial of right to take a deposition but upholding a decision postponing a deposition the first time it was requested and denying subsequent requests that were not properly asserted).

As to Akridge's alternative motion to certify this order for interlocutory appeal, this court would have to be of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292. Akridge makes no effort to meet this showing. This order applies straightforward law to a request to depose an official who has no personal knowledge of the facts of a termination decision. An appeal from a denial of request to depose a person without personal knowledge also does not advance the ultimate termination of the litigation. Akridge's alternative motion is, therefore, due to be DENIED.

Accordingly, it is hereby ORDERED as follows:

1. Akridge's Renewed Motion for Court to Order Defendant Alfa to Produce Scott Forest as Deponent Witness or in the Alternative Motion to Certify Question for Interlocutory Appeal (Doc. 62) is DENIED.

2. The Motion to Reopen and Extend the Expert Witness Disclosure Date (Doc. 67), which appears only to refer to an affidavit offered in support of the renewed motion seeking the deposition of Scott Forest, is DENIED.

3. The Motion to Strike (Doc. 66) is DENIED as moot.

DONE this 30th day of July, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE