# AIN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

JENNIFER AKRIDGE, )
    Plaintiff, )
  )
v. )   CASE NO.: 2:17cv372-GMB
  )   [wo]
ALFA MUTUAL INSURANCE )
COMPANY, )
  )
    Defendant. )

## **ORDER**

Pending before the court are the Plaintiff's Motion to Amend Complaint Shortly After Taking Deposition of Key Witness Bob Plaster on June 13, 2018 (Doc. 71) and Motion to Strike Paragraph 9 of Document 80. Doc. 82.

The Report of Parties' Planning Meeting (Doc. 24) in this case requested January 15, 2018 as the deadline for amendments by the Plaintiff and the court adopted this deadline in its Uniform Scheduling Order. Doc. 25. Akridge now seeks leave to amend her complaint to add a claim for "Interference with Protected Rights Under the Retirement Income Security Act 29 U.S.C. § 1140." Doc. 71-1. Akridge's theory for an ERISA claim is that she was terminated so that her employer could save on health insurance costs. She states that her amendment is sought so far after the Scheduling Order deadline because witness Bob Plaster's testimony during his June 13, 2018 deposition including the statement, "I am sure they [Alfa] are concerned about numbers, yeah." Doc. 71 at 2.

Defendant Alfa Mutual Insurance Company ("Alfa") opposes the motion, pointing out that it was filed seven months after the Uniform Scheduling Order deadline and that a first amended complaint filed on July 31, 2017 also contained the factual basis upon which Akridge bases the new ERISA claim.[1]

"A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). The Eleventh Circuit's decision in *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998), is instructive. The court explained that the "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). The court considered three factors in assessing diligence in that case: (1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, the plaintiff delayed in asking for amendment. *Id.* at 1419.

---

[1] Alfa also notes that the purported amendment was not filed on July 17, 2018, but on August 8, 2018. Akridge disputes this representation and seeks to strike this portion of Alfa's response. Doc. 82. While Akridge disagrees that she intentionally delayed the filing of her motion to amend, the motion was in fact filed on August 8, 2018. Doc. 71. Akridge, therefore, has not shown that this portion of Alfa's response is redundant, immaterial, impertinent, or scandalous, *see* Fed. R. Civ. Pro. 12(f), and the Motion to Strike is due to be DENIED. In any event, while the court has considered the delay in filing after the Uniform Scheduling Order deadline, and that the facts upon which Akridge's amendment is sought were known to Akridge within the time to amend under the Uniform Scheduling Order, the court has not considered the timing of the filing of motion to amend in relationship to the date of Plaster's deposition in its analysis.

Here, Akridge relies on a statement in a deposition as new information that revealed that health insurance costs were a basis for her termination. In the first amended complaint, filed in July 2017, however, Akridge alleged that Alfa self-insures employees' health insurance and that "Mr. Plaster and Mr. Coshatt informed her that Alfa was looking to 'cut costs' and that Akridge 'was one of those costs.'" Doc. 15 at 4. Therefore, Akridge, like the plaintiff in *Sosa*, had the information supporting the proposed amendment available to her before the Scheduling Order deadline. *See Sosa*, 133 F.3d at 1419. In addition, Akridge's attempt to amend does not meet the standard of Federal Rule of Civil Procedure 15, *see Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a district court need not grant leave to amend where the amendment would be futile), because Akridge seeks to add an ERISA claim without alleging an exhaustion of ERISA administrative remedies. *See Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1225–27 (11th Cir. 1985) (holding that the district court did not err in finding that plaintiffs must exhaust their remedies before they may bring their 29 U.S.C. § 1140 claims in federal court).

Accordingly, for the foregoing reasons, it is ORDERED that the Motion to Amend (Doc. 71) and the Motion to Strike (Doc. 82) are DENIED.

DONE this 4th day of September, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE