IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| JENNIFER AKRIDGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:17cv372-GMB |
| | ) | [WO] |
| ALFA MUTUAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

# ORDER

Under consideration are Defendant's Motion for Clarification and/or to Reconsider Court's September 12, 2018 Order (Doc. 94) and Plaintiff's Motion for Court to Order Production Subject to HIPPA [sic] Order (Doc. 102), Renewed Motion Emphasizing Need to Take Scott Forrest's Deposition (Doc. 110), and Motion to Strike Defendant's Response to Plaintiff's Renewed Motion Emphasizing Need to Take Scott Forrest's Deposition (Doc. 112).

## I. BACKGROUND

The discovery process in this lawsuit has been extraordinarily contentious and has been the subject of a number of prior motions, orders, and hearings. For present purposes, the relevant procedural history begins with the motion for summary judgment (Doc. 76) filed by Defendant Alfa Mutual Insurance Company ("Alfa") on August 20, 2018. In response to the motion, Plaintiff Jennifer Akridge requested additional time for discovery pursuant to Federal Rule of Civil Procedure 56(d)(2). The court granted this

request on September 12, 2018 (Doc. 93), allowing Akridge 30 days within which to conduct a Rule 30(b)(6) deposition of an Alfa representative relating to three discrete subjects:

> (1) any impact of the Defendant's financial well-being and medical expenses on its decision to reorganize and automate some employment positions, (2) the extent of the Plaintiff's medical expenses during her employment, and (3) the circumstances surrounding the decision to terminate other employees of the Defendant during the last five years before the Plaintiff's position was eliminated.

Doc. 93 at 5.

Alfa asked the court to reconsider this decision, and the court convened the parties on October 23, 2018 for oral argument on this and other related issues. Following the hearing, the court issued an order requiring (1) Alfa to disclose *in camera* certain documents relating to the administration by Blue Cross and Blue Shield ("BCBS") of Alfa's self-insured employee health care program and (2) Akridge to file documents she received in response to a subpoena she issued to BCBS. Doc. 107. The parties made the relevant submissions on October 25, and the court has reviewed these records along with the pending motions and the responsive briefs.

## II. DISCUSSION

A.  **Alfa's Motion to Reconsider**

Alfa asks the court to reconsider the topics on which it must present a Rule 30(b)(6) representative for deposition. The court finds certain of Alfa's arguments to be well taken. As to the first 30(b)(6) topic, Alfa has argued throughout this litigation that the decisionmakers with respect to Akridge's termination had no knowledge of the extent

2

of her health care costs to Alfa. *E.g.*, Doc. 94 at 1–2. This may be the case, but it does not necessarily mean that the first topic is outside of the scope of Rule 26(b)(1) or immaterial to Akridge's response to the pending motion for summary judgment.

The first 30(b)(6) subject was an attempt to allow Akridge to probe whether a desire to control health care costs was a driving force behind Alfa's corporate restructuring and, if so, whether that motivation might have infected the decisionmaking process that ultimately resulted in Akridge's termination. Alfa's summary judgment motion confirms that this issue bears at least some relevance to Akridge's claims by advancing the argument that Akridge cannot demonstrate that Alfa's proffered non-discriminatory reason for her termination (the elimination of the position through the corporate restructuring) is pretextual. Doc. 77 at 22–27. The pretext inquiry asks, in large part, whether circumstantial evidence of discrimination renders the employer's reason for the termination "unworthy of credence." *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008). In crafting the first 30(b)(6) topic, the court intended to address one avenue by which circumstantial evidence of discrimination might be present in the decisionmaking process. To the extent the motion for reconsideration rejects that core purpose as irrelevant to the matters at hand, the motion is due to be denied.

This being said, upon further reflection—and with the benefit of the parties' arguments in their recent filings and during oral argument—the court finds its original formulation of the first Rule 30(b)(6) topic not to have been narrowly tailored to the purpose for which it was intended. A more precise formulation would require Alfa's

representative to address (1) whether Alfa's senior management team considered the magnitude of Alfa's employees' medical expenses in the decision to undertake a corporate restructuring; and (2) if the senior management team did consider medical expenses in deciding to restructure, whether any concerns about medical expenses were communicated to the decisionmakers with respect to Akridge's termination and the elimination of her position.

The second 30(b)(6) topic set forth in the September 12 order related solely to the extent of Akridge's medical costs. During oral argument, however, Akridge's attorney disclosed that he had previously received extensive records from BCBS relating to Akridge's health care. The court has reviewed these documents (Docs. 109-2 to -16), which consist of hundreds of pages of spreadsheets reflecting Akridge's medical expenses and including separate columns for the total cost to Alfa and the out-of-pocket cost to Akridge. In light of this disclosure, requiring testimony related to the second 30(b)(6) topic would be duplicative and disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). To the extent the motion for reconsideration seeks the omission of this topic, the motion is due to be granted.

Finally, the third 30(b)(6) topic related to other termination decisions at Alfa and also was intended to provide Akridge with an opportunity to develop circumstantial evidence of pretext. Alfa nevertheless argues that the topic is overly broad. Alfa originally proposed to limit the relevant terminations to job eliminations within the underwriting department. Doc. 94 at 3. At oral argument, Alfa proposed instead to

provide a 30(b)(6) representative with knowledge of the circumstances surrounding the decision to eliminate other positions within the underwriting or marketing departments at Alfa's home office in Montgomery during the last five years before Akridge's position was eliminated. Akridge's counsel agreed to this limitation during the hearing and, even absent agreement, the court finds the revised proposal to be proportional to the needs of the case. The motion to reconsider is due to be granted to the extent it requests this modification.

**B.     Akridge's Motion to Compel Production of Documents**

As referenced above, Alfa submitted certain BCBS documents to the court for *in camera* review. A declaration from Alfa's Benefits Manager, Holly Dean, describes these documents as having been generated in 2009 and 2016 and states that they were recently discovered in a filing cabinet along with BCBS's annual renewal analyses. Doc. 101-1 at 1–2. Based on the court's review, the records list medical expenses for certain individuals (both employees and non-employees) covered by the Alfa self-funded health care program administered by BCBS. And not only do they list expenses, the records contain detailed information on these individuals' medical conditions and diagnoses, procedures, and providers. In this respect, the documents submitted *in camera* are similar in content, but not in format, to the documents BCBS produced in response to Akridge's subpoena. *See* Docs. 109-2 to -16.

The two sets of documents differ in one material respect, however. The court has reviewed the documents *in camera* and can confirm, as Dean also noted, that none of the

5

documents relate to Akridge or to her medical care. *See* Doc. 101-1 at 2. This fact undercuts Akridge's primary argument for their production—that they are responsive to her request for production of records reflecting her own health care costs and the health care costs for all Alfa employees in its home office for 2010 to 2017. Doc. 102 at 9. Of course, simply issuing a discovery request does not transform an irrelevant matter into a relevant one. Even so, these records would be both responsive to the request for production and within the scope of discovery if they related to Akridge's medical care, but they do not.

Regardless of whether the records are within the scope of a party's Federal Rule of Civil Procedure 34 request for production, Rule 26 defines the scope of discovery to include

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Applying this standard, the court finds that the records reviewed *in camera* are relevant to the claims and defenses at issue in this case. While Akridge's motion does not focus on this point, the records could be interpreted as tending to show pretext because Alfa and its witnesses have taken the position that the decisionmakers "were unaware of the health care costs of . . . any employee at Alfa (including the alleged comparators) or the details of the health insurance program at Alfa." Doc. 77 at 26. To be sure, the court does not find, at this stage of the litigation, that these records establish

6

pretext. The court finds only that they may be relevant to the pretext analysis.

In addition, the production of the records submitted *in camera*—at least in redacted form—is proportional to the needs of the case. Pretext is not a tangential issue, and the production of the documents will not be burdensome. But much of the information in the records falls within the protections of the Health Insurance Portability and Accountability Act ("HIPAA") or is otherwise confidential. Certainly the names and identifying information reflected in the records are not relevant to the claims and defenses in this action, nor are any of the details of the medical care. For these reasons, the motion to compel is due to be granted, but the records may be redacted to omit all personal identifying information and all references to specific medical conditions and diagnoses, procedures, and providers.

## C. Akridge's Motion to Compel Deposition

Yet again, Akridge asks the court to compel Scott Forrest, Alfa's Executive Vice President of Human Resources, to sit for deposition. Doc. 110. She offers nothing new and material in this motion that she has not previously put before the court. *See, e.g.*, Docs. 62 at 4 (quoting Tommy Coshatt deposition) & 110 at 2 (quoting same testimony). Labeling Forrest as a "major adverse witness," Doc 110 at 1, or "star adverse witness," Doc. 112 at 2, does nothing to aid the court in its determination of whether Forrest possesses relevant information. Akridge again has failed to carry her burden. *See* Docs. 58 & 68. Perhaps it is time for Akridge to acknowledge that there is no blood in this turnip.

**D.     Akridge's Motion to Strike**

Disagreement with a legal argument advanced in an opposition brief is not proper grounds for striking that brief from the court's docket.    Plaintiff's motion is due to be denied.

### III. CONCLUSION

For the reasons stated above, it is ORDERED that:

1.     Alfa's Motion for Clarification and/or to Reconsider Court's September 12, 2018 Order (Doc. 94) is GRANTED in part and DENIED in part.    Akridge is given until **December 7, 2018** to depose a Rule 30(b)(6) corporate representative, identified by Alfa and offered for deposition at a mutually agreeable time and date, who has knowledge of (1) whether Alfa's senior management team considered the magnitude of Alfa's employees' medical expenses in the decision to undertake a corporate restructuring; (2) if the senior management team did consider medical expenses in deciding to restructure, whether any concerns about medical expenses were communicated to the decisionmakers with respect to Akridge's termination and the elimination of her position; and (3) the circumstances surrounding the decision to eliminate other positions within the underwriting or marketing departments at Alfa's home office in Montgomery during the last five years before Akridge's position was eliminated.    The parties shall file a joint notice with the court within **two days of the completion of that deposition**, and the court will enter a briefing order relating to the pending motion for summary judgment upon receipt of this notice.    If Alfa seeks to amend its motion for summary judgment in

light of the deposition, it must file a motion requesting leave to amend on the same date the parties file the notice informing the court that the deposition has been completed.

2. Plaintiff's Motion for Court to Order Production Subject to HIPPA [sic] Order (Doc. 102) is GRANTED. Accordingly, Defendant shall produce to the Plaintiff the documents submitted to the court *in camera* no later than **November 15, 2018.** Prior to production, Defendant may redact the records to omit all personal identifying information and all references to specific medical conditions and diagnoses, procedures, and providers.

3. Plaintiff's Renewed Motion Emphasizing Need to Take Scott Forrest's Deposition (Doc. 110) is DENIED.

4. Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Renewed Motion Emphasizing Need to Take Scott Forrest's Deposition (Doc. 112) is DENIED.

DONE on the 8th day of November, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE