IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER AKRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17cv372-GMB |
| | ) | [WO] |
| ALFA MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Under consideration is Plaintiff's Motion to Reconsider Denial of Motion to Compel and for Sanctions Pursuant to Rule 37 or in the Alternative to Certify Discovery Question to the Eleventh Circuit Court of Appeals. Doc. 116. For the reasons stated below, the court finds that the motion is due to be denied.

## I. BACKGROUND

Plaintiff Jennifer Akridge filed the underlying motion to compel on November 20, 2018, seeking the court's assistance in obtaining written discovery from Defendant Alfa Mutual Insurance Company ("Alfa"). *See* Doc. 114. Pursuant to the Uniform Scheduling Order entered in this case, however, the discovery cutoff was July 21, 2018. Doc. 25 at 2. Following the completion of the discovery process, Alfa filed its motion for summary judgment on August 20, 2018. Doc. 76. Akridge responded with a request for additional discovery pursuant to Federal Rule of Civil Procedure 56(d). Doc. 79.

Any request under Rule 56(d) must be supported by an appropriate affidavit or

declaration. Fed. R. Civ. P. 56(d). Akridge's counsel did not submit an affidavit or declaration along with the original motion, but he did submit a declaration on August 28, 2018. Doc. 87-1. That declaration focused exclusively on Akridge's request to take the deposition of Scott Forest, an Executive Vice President of Alfa, and made no reference to any written discovery materials alleged to be essential to Akridge's opposition to summary judgment. *See generally* Doc. 87-1. Upon review of the declaration, the pending motions, and the related briefs, the court granted Akridge's request for additional discovery prior to a determination on summary judgment. Doc. 93. The court did so because Akridge had established that, within the discovery cutoff, she formally requested deposition testimony pursuant to Rule 30(b)(6) on certain relevant subjects, and that Alfa did not prepare its corporate representative to address these subjects during her deposition. *See* Doc. 93 at 2–4. Upon finding that Akridge's delay in seeking this corporate representative testimony was excusable, the court ordered Alfa to present additional deposition testimony pursuant to Rule 30(b)(6). Doc. 93 at 4–5.

After another round of motions and related briefing (Docs. 94, 96, 97, 99 & 101–04), on October 23, 2018 the court held a hearing at which it received oral argument relating to the scope of the discovery that would be allowed to Akridge and other related issues. Following that hearing, the court refined the Rule 30(b)(6) subjects on which Alfa would be compelled to present testimony. *See* Doc. 113 at 2–5. At no time did the court authorize Akridge to serve untimely written discovery requests relating to the Rule 30(b)(6) subjects.

The court ordered Akridge to depose Alfa's corporate representative no later than

December 7, 2018, but instead Akridge filed the November 18, 2018 motion to compel. The motion attached requests for production purportedly served on Alfa on September 11, 2017, along with another set served along with a Rule 30(b)(6) deposition notice on September 14, 2018. Docs. 114-1 & -2. The court denied Akridge's motion, explaining that it

> previously found that Akridge's Rule 56(d) motion established that she could not present certain facts essential to her opposition to the pending motion for summary judgment and compelled Defendant to produce a Rule 30(b)(6) corporate representative with knowledge of certain topics. *See* Docs. 93 & 113. The court did not grant leave for the parties to conduct any other discovery, including written discovery, outside of the discovery deadline, and Akridge has made no showing justifying her delay in obtaining any discovery materials other than deposition testimony relating to the Rule 30(b)(6) topics set forth in Doc. 113.

Doc. 115. Akridge now asks the court to reconsider this order or to certify her appeal to the Eleventh Circuit.

## II. DISCUSSION

Akridge's request for reconsideration is due to be denied because she has made no effort to show that her delay in seeking the instant written discovery was excusable. *See* Docs. 93 & 115. The attachment to Akridge's most recent motion to compel confirms that she served discovery requests on Alfa in September 2017. Even if Alfa failed to respond appropriately to these requests (and Akridge has not established that it did), Akridge had an obligation to raise this issue with the court prior to the discovery cutoff in July 2018. *See, e.g., Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 694 (S.D. Fla. 2014) (stating that "any motions to compel should have been filed in advance of the discovery cutoff date in order to be deemed timely"); Doc. 25 at 2. She did not do so, choosing

instead to serve an untimely set of requests for production that overlaps with, but significantly expands upon, the scope of the first requests. *Compare* Doc. 114-1, *with* Doc. 114-2. She did so without seeking leave of court to serve written discovery almost two months after the discovery deadline. *See* Guidelines to Civil Discovery Practice in the Middle District of Alabama § I.G. ("Consequently, discovery requests should be served more than thirty days prior to the cutoff date. Untimely discovery requests are subject to objection on that basis."). And not only are the new requests expansive, but they also reflect an attempt to inject patently irrelevant issues into this litigation. *See* Doc. 114-2 at 3 (requesting "[all] records reflecting how much money Alfa spent through its subsidiaries and affiliates on political support of state senate, state house and federal candidates from 2013–2017"). But the scope of Akridge's new written discovery largely is beside the point.

Federal Rule of Civil Procedure 16(b) compels the federal courts to issue scheduling orders that may be modified only for good cause. "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec, Dept. of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). Barring this showing, the Eleventh Circuit has "often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order." *Ashmore*, 502 F. App'x at 685.

As a result, Akridge bears the burden of proving that her delay was excusable. *Id.*

She made absolutely no effort to do so in her most recent motion to compel or in the pending motion to reconsider, both of which are long on accusations and short on substance and detail—Akridge did not, for example, bother to attach to the motions Alfa's response to the original set of requests, explain how that response was inappropriate, or discuss her efforts to remedy any concerns with Alfa's response prior to the discovery cutoff. *See id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), and listing four factors relevant to excusable neglect). The court denied her motion to compel for this reason (*see* Doc. 115), and it denies the pending motion to reconsider on the same basis.

The current posture of this litigation can be summarized as follows:

1. Discovery is closed with the limited exception that Alfa must offer for deposition a Rule 30(b)(6) deponent or dependents with knowledge of the subjects set forth in the Order of November 8, 2018 (Doc. 113).

2. Akridge has made no showing of excusable neglect justifying her delay in seeking any discovery materials other than the Rule 30(b)(6) deposition described above, including any written discovery.

3. The court expects Alfa's corporate representative deposition to be completed within the December 7, 2018 deadline.

As to Akridge's request to certify this Order for interlocutory appeal, this court would have to be of the opinion that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292. Akridge makes no effort to meet this showing. This order applies straightforward law to a request to allow discovery that is foreclosed by the expiration of

the discovery cutoff and by previous Orders of this court.

## III. CONCLUSION

For these reasons, it is ORDERED that the Motion to Reconsider Denial of Motion to Compel and for Sanctions Pursuant to Rule 37 or in the Alternative to Certify Discovery Question to the Eleventh Circuit Court of Appeals (Doc. 116) is DENIED.

DONE on the 27th day of November, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE