IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| JENNIFER AKRIDGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:17-cv-372-GMB |
| | ) | [WO] |
| ALFA MUTUAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

# **ORDER**

This cause is before the court on the Plaintiff's Renewed Motion to Take Scott Forrest's Deposition. Doc. 127. Akridge contends that Scott Forrest will be an important witness at the trial of this case and that the circumstances that existed when the court denied Akridge's previous requests to compel Forrest's deposition have been changed by the information disclosed in a new deposition of Susan White, a Rule 30(b)(6) representative.

A court may allow discovery after the deadline has passed if there was excusable neglect. *See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In her motion, Akridge contends that there is new evidence regarding Forrest's role in this case, because White testified that she spoke to Forrest before her deposition. But the fact that a corporate representative met with Forrest before her deposition, standing alone, does not establish that Forrest has discoverable information about any issue material to this case.

Akridge also notes in support of her request for Forrest's deposition that White told Forrest about Akridge's termination, but this is not new evidence since it is based on

White's testimony during her first deposition in June 2018. *See* Doc. 127 at 3 (citing Doc. 127-3).

Finally, Akridge relies on certain documents received from BlueCross BlueShield of Alabama that at times list Forrest as a contact person on behalf of Defendant Alfa Mutual Insurance Company for ERISA matters. *See* Doc. 127-2 at 7, 9 & 11. No matter what role Forrest had with respect to the plan administered by BlueCross BlueShield, these documents do not show that Forrest was a decisionmaker in Akridge's termination. Even if the court were to assume that these documents indicate that Forrest has some knowledge of ERISA benefits, this does not mean that he has knowledge relevant to Akridge's termination or the claims and defenses presented in this case.

For these reasons, the court concludes that Akridge has not met her burden of showing that she should be allowed to take Forrest's deposition long after the expiration of the discovery deadline. Accordingly, it is ORDERED that the motion (Doc. 127) is DENIED.

DONE this 20th day of February, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE