IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIFER AKRIDGE, )
    Plaintiff, )
)
v. ) CASE NO. 2:17cv372-GMB
) [wo]
ALFA MUTUAL INSURANCE )
COMPANY, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Now before the court is a Motion for Attorneys' Fees and Sanctions (Doc. 141), a Motion to Stay (Doc. 143), and an Objection to the Bill of Costs (Doc. 152).

This court entered final judgment in this case on February 20, 2019. Doc. 140. On March 5, 2019, the Defendant, Alfa Mutual Insurance Company ("Alfa"), filed a motion seeking attorneys' fees and sanctions. Doc. 141. Along with this motion, Alfa filed a Bill of Costs, and on March 19, 2019, the Clerk of the Court taxed costs against Plaintiff Jennifer Akridge in the amount requested by Alfa—$1,966.60. Doc. 155. Also on March 5, Akridge appealed the judgment in this case and moved for a stay of the court's consideration of the attorneys' fees, sanctions, and costs. On March 12, Akridge filed her objection to the Bill of Costs.

For reasons to be discussed, the court concludes that the Motion to Stay is due to DENIED as to the Bill of Costs and GRANTED as to the Motion for Attorneys' Fees and Sanctions, and that the Objection to the Bill of Costs is due to be SUSTAINED in part and OVERRULED in part.

# I. DISCUSSION

## A. Bill of Costs

Akridge has asked to stay this court's consideration of the Bill of Costs while her appeal is pending, and separately has objected to the Bill of Costs. In assessing whether to grant a stay pending appeal, the court looks to four factors: (1) whether the applicant for the stay has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Upon consideration of the relevant factors, the court cannot conclude that there has been a strong showing that Akridge will succeed on the merits of her claim on appeal, and the court cannot find that any other factor weighs in favor of a stay, so the court will consider Akridge's objections to the Bill of Costs at this time.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Pursuant to 28 U.S.C. § 1920, deposition expenses may be recovered if the deposition was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). While generally there is a presumption that costs will be awarded, when only the prevailing party knows the reason for a particular cost the prevailing party must bear the burden of showing why that cost was reasonably necessary under 28 U.S.C. § 1920. *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993).

Akridge concedes that a party may recover fees for printed or electronically recorded transcripts pursuant to 28 U.S.C. § 1920(2), but contends that Alfa is improperly seeking the costs of the transcripts for multiple depositions of Susie White that were not related to issues in the case or necessary because Susie White did not have knowledge of the subject matter of many of the questions asked in her first deposition even though she had been designated as Alfa's Rule 30(b)(6) corporate representative. Akridge also argues that the costs of obtaining a condensed or mini-transcript of depositions should not be taxed because they are merely for the convenience of counsel. Finally, Akridge objects that the processing and delivery costs of the deposition transcripts should not be taxed.

As to the first objection, Alfa responds that the depositions of Susie White were used by the parties in the briefing in support of and in opposition to the summary judgment motion and are, therefore, taxable. The Eleventh Circuit has explained that if "deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Although the second deposition of Susie White was ordered by the court so that she could address specific issues, both depositions were relevant to issues raised by the motion for summary judgment and discussed by Alfa in its briefs. Docs. 77 & 126. Because both depositions of Susie White were used in relation to the summary judgment motion, they are taxable. *See E.E.O.C.*, 213 F.3d at 621.

As to the mini-transcripts, Alfa was assessed additional charges for a mini-transcript for only Susie White's December deposition. Alfa concedes that this charge should not be taxed. Doc. 160 at 4. The amount of the mini-transcript of Susie White's December

deposition was $30. Doc. 142 at 6. Accordingly, the court will order the taxed costs to be reduced by that amount.

With regard to the delivery and processing charges, Alfa argues that the processing and mailing fees included within the invoices submitted with the Bill of Costs were for costs relating to the depositions of Beth Chancey, Bob Plaster, and Susie White, and therefore are recoverable. Doc. 142. In support of her objection, Akridge has cited to case law for the proposition that costs associated with delivering depositions are not recoverable, [1] whereas Alfa has cited cases for the opposite proposition. While there does not appear to be binding authority on the precise issue of the taxation for mailing costs of depositions, another judge of this court has concluded that "courier services used to deliver the deposition transcripts are ordinary business expenses and are thus not recoverable." *McKitt v. Ala. Alc. Bev. Control Bd.*, 2013 WL 6212157, at *2 (M.D. Ala. Nov. 26, 2013), *aff'd*, 571 F. App'x 867 (11th Cir. 2014). This court is persuaded that delivery costs, including mailing costs, of deposition transcripts should be considered business expenses and should not be allowed as a matter of course. *See Computer Program & Sys. Inc. v. Wazu Holdings, Ltd.*, 2019 WL 1119352, at *10 (S.D. Ala. Mar. 11, 2019) (stating that "requested costs for late fees, expedited transcripts, postage, shipping, delivery and handling charges related to the deposition transcripts are non-recoverable as ordinary business expenses"). Although Akridge references these costs in her objection without

---

[1] Akridge cites *Gary Brown & Associates, Incorporated v. Ashdon*, 268 F. App'x 837, 845 (11th Cir. 2008), regarding the shipping of transcripts, but the purported quote does not appear in that case. Instead, Akridge's quotation comes from a case which was cited in *Kerns v. Pro-Foam, Incorporated*, 2007 WL 2710372, at *3 (S.D. Ala. Sept. 13, 2007), which Akridge also cited. Doc. 152 at 5.

4

identifying specific amounts, Alfa has identified a $25 charge for postage and handling of the December deposition of Susie White. Doc. 142 at 6. The court will sustain the objection to this amount.

Akridge also objects to the processing fees listed in the court reporters' invoices, but has not articulated a specific reason why they are objectionable. As a result, Akridge has not shown that the processing fees assessed by the court reporters were costs merely incurred for counsel's convenience or costs akin to delivery expenses so as to be a mere business expense. *Cf. Helms*, 808 F. Supp. at 1571 (stating that "since both parties should be aware of the reasons to take a deposition, this court holds that the non-prevailing party should explain why the court should not grant that cost"). The court, therefore, will overrule the objection as to the two $12 processing fees.

Finally, Akridge has asked the court to consider that she has little income, but she has not provided any substantiation for that argument, so the court does not exercise its discretion to sustain any objection to the Bill of Costs on that basis. *See Chapman v. AI Transport*, 229 F.3d 1012, 1040 (11th Cir. 2000) (noting that the district court should not consider the relative wealth of the parties but has discretion to consider a non-prevailing party's financial condition in calculating costs).

**B.     Motion for Attorneys' Fees and Sanctions**

Akridge has asked to stay this court's consideration of, and opposes the imposition of, attorneys' fees and sanctions. Considering the first of the four factors relevant to staying a determination while a case is pending on appeal, *Nken*, 556 U.S. at 434, the court concludes that Akridge has not made a strong showing that she is likely to succeed on the

merits of her substantive claims. Unlike the Bill of Costs, however, the request for attorneys' fees and sanctions arises not solely from the ultimate disposition of Akridge's substantive claim, but from many intermediate stages of this case, including a protracted discovery dispute decided adversely to Akridge. Weighing all four factors in "a balance of equities," *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. June 26, 1981),[2] and specifically finding no evidence that the issuance of a stay will substantially injure Alfa, the court concludes that it is appropriate to stay the determination of the Motion for Attorneys' Fees and Sanctions pending appeal.

### III. CONCLUSION

For these reasons, it is hereby ORDERED as follows:

1. The Motion to Stay (Doc. 143) is DENIED as to the Bill of Costs and is GRANTED as to the Motion for Attorneys' Fees and Sanctions. The court's consideration of the Motion for Attorneys' Fees and Sanctions (Doc. 141) is STAYED pending appeal.

2. The Objection to the Bill of Costs (Doc. 152) is OVERRULED in part and SUSTAINED in part. The Clerk is DIRECTED to reduce the Costs Taxed (Doc. 155) by $55 to $1,911.60.

DONE this 24th day of April, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.